IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
CAUSE NO. 1:16-cv-00370

TIMOTHY H. CHAPMAN, as
Administrator of the Estate of
ALMA P. CHAPMAN                                                                    Plaintiff

v.

SSC CONCORD OPERATING
COMPANY LLC (dba "Brian Center
Health & Retirement/Cabarrus"), a
Delaware Limited Liability Company;
and JONATHAN D. RICHARD
(a/k/a "J. Drew Richard"), Individual                                              Defendants

---

**SSC CONCORD OPERATING COMPANY LLC D/B/A
BRIAN CENTER HEALTH AND RETIREMENT/CABARRUS'S
ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**
_____

NOW COMES SSC Concord Operating Company LLC d/b/a Brian Center Health and Retirement/Cabarrus, (hereinafter "SSC Concord") acting by and through its attorneys, and responding to the allegations contained in Plaintiff's Complaint, states as follows:

**FIRST DEFENSE**

SSC Concord hereby pleads the applicable statutes of limitations as an affirmative defense and as a complete and total bar to the claims against it in Plaintiff's Complaint.

**SECOND DEFENSE**

The allegations contained in Plaintiff's Complaint fail, in whole or in part, to state a claim upon which relief can be granted and, therefore, Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure.

**THIRD DEFENSE & ANSWER**

1. It is admitted that the Plaintiff has filed a personal injury and wrongful death suit arising out of Alma P. Chapman's residency at Brian Center Health and Retirement/Cabarrus. SSC Concord specifically denies that it in any way caused or contributed to Ms. Chapman's personal injury and/or or death.

**PARTIES**

2. It is admitted that Ms. Chapman was a resident at SSC Concord's facility from March 22, 2014 until her death on March 29, 2014.

3. The allegations contained in Paragraph 3 of the Plaintiff's Complaint are denied.

4. The allegations contained in Paragraph 4 of the Plaintiff's Complaint are denied upon information and belief.

5. The allegations contained in Paragraph 5 of the Plaintiff's Complaint are admitted upon information and belief.

6. Paragraph 6 of Plaintiff's Complaint contains a statement of law to which no response is required. To the extent a response is deemed required by SSC Concord, the allegations are denied.

7. The allegations contained in Paragraph 7 of the Plaintiff's Complaint are admitted.

8. SSC Concord admits that it did business as Brian Center Health and Retirement/Cabarrus, a long term care facility located in Cabarrus County, North Carolina. Any remaining allegations are denied.

9. SSC Concord admits that it does business as Brian Center Health/Cabarrus. Any remaining allegations and/or legal conclusions are denied.

10. It is admitted that at all times relevant hereto SSC Concord held the license to operate SSC Concord.

11. It is admitted that at all times relevant hereto SSC Concord operated and managed SSC Concord.

12. The allegations contained in Paragraph 12 of Plaintiff's Complaint are admitted.

13. The allegations contained in Paragraph 13 of Plaintiff's Complaint are admitted. SSC Concord affirmatively asserts that Defendant Richard was fraudulently joined as a Defendant in this matter.

14. The allegations contained in Paragraph 14 of Plaintiff's Complaint are denied as an incomplete and/or inaccurate statement.

15. It is admitted that at all times relevant hereto, Defendant Richard was an employee of SSC Concord and acted in the course and scope of his employment. Any remaining allegations and/or legal conclusions are denied.

16. The allegations contained in Paragraph 16 of Plaintiff's Complaint are denied.

## FACTUAL SUMMARY/ALLEGATIONS

17. There is **no Paragraph 17** to Plaintiff's Complaint.

18. The allegations contained in Paragraph 18 of Plaintiff's Complaint are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

19. The allegations contained in Paragraph 19 of Plaintiff's Complaint are admitted based on information and belief.

20. The allegations contained in Paragraph 20 of Plaintiff's Complaint are denied.

21. The allegations contained in Paragraph 21 of Plaintiff's Complaint, including sub-paragraphs (a) – (j), are denied.

22.     The allegations contained in Paragraph 22 of Plaintiff's Complaint, including sub-paragraphs (a) – (b), are denied.

23.     The allegations contained in Paragraph 23 of Plaintiff's Complaint are denied.

24.     The allegations contained in Paragraph 24 of Plaintiff's Complaint are denied. SSC Concord further denies that it is liable to Plaintiff in any amount.

## CLAIM FOR RELIEF: ORDINARY NEGLIGENCE

25.     SSC Concord restates and incorporates by reference its responses to all prior paragraphs of Plaintiff's Complaint as fully set forth herein.

26.     SSC Concord admits that it provided adequate and appropriate custodial care and supervision to Alma Chapman during her residency at its facility. To the extent Paragraph 26 can be construed as containing allegations of liability against SSC Concord, the same are denied.

27.     SSC Concord admits that it exercised reasonable care and provided both care and services in a safe and beneficial manner to Alma Chapman during her residency at its facility. To the extent Paragraph 27 can be construed as containing allegations of liability against SSC Concord, the same are denied.

28.     The allegations contained in Paragraph 28 of Plaintiff's Complaint are denied.

29.     The allegations contained in Paragraph 29 of Plaintiff's Complaint are directed at parties other than SSC Concord and, therefore, no answer is required of this Defendant. To the extent that Paragraph 29 can be construed as containing allegations of liability against SSC Concord, the same are denied.

30.     The allegations contained in Paragraph 30 of Plaintiff's Complaint are denied.

## CLAIM FOR RELIEF: MEDICAL MALPRACTICE

31. SSC Concord restates and incorporates by reference its responses to all prior paragraphs of Plaintiff's Complaint as fully set forth herein.

32. The allegations contained in Paragraph 32 of Plaintiff's Complaint are directed at parties other than SSC Concord and, therefore, no answer is required of this Defendant. To the extent Paragraph 32 can be construed as containing allegations of liability against SSC Concord, the same are denied.

33. The allegations contained in Paragraph 33 of Plaintiff's Complaint are denied.

34. The allegations contained in Paragraph 34 of Plaintiff's Complaint are directed at parties other than SSC Concord and, therefore, no answer is required of this Defendant. To the extent Paragraph 34 can be construed as containing allegations of liability against SSC Concord, the same are denied.

35. The allegations contained in Paragraph 35 of Plaintiff's Complaint, including sub-paragraphs (a) – (f), are denied.

36. In response to the allegations contained in the **"first"** Paragraph 36 of Plaintiff's Complaint, SSC Concord denies same. SSC Concord further denies that it is liable to Plaintiff in any amount.

## CLAIM FOR RELIEF: WRONGFUL DEATH

36. In response to the allegations contained in the **"second"** Paragraph 36 of Plaintiff's Complaint, SSC Concord restates and incorporates by reference its responses to all prior paragraphs of Plaintiff's Complaint as fully set forth herein.

37. The allegations contained in Paragraph 37 of Plaintiff's Complaint are denied.

38. To the extent that Paragraph 38 could be construed as containing allegations of liability against SSC Concord, the same are denied.

39. The allegations contained in Paragraph 39 of Plaintiff's Complaint are denied.

40. The allegations contained in Paragraph 40 of Plaintiff's Complaint, including sub-paragraphs (a) – (e), are denied. SSC Concord further denies that it is liable to Plaintiff in any amount.

41. The allegations contained in Paragraph 41 of Plaintiff's Complaint are denied. SSC Concord further denies that it is liable to Plaintiff in any amount.

42. The allegations contained in Paragraph 42 of Plaintiff's Complaint are denied.

## CLAIM FOR RELIEF: PUNITIVE DAMAGES

43. SSC Concord restates and incorporates by reference its responses to all prior paragraphs of Plaintiff's Complaint as fully set forth herein.

44. The allegations contained in Paragraph 44 of Plaintiff's Complaint are denied.

45. The allegations contained in Paragraph 45 of Plaintiff's Complaint are denied.

46. The allegations contained in Paragraph 46 of Plaintiff's Complaint, including sub-paragraphs (a) – (d), are denied.

47. The allegations contained in Paragraph 47 of Plaintiff's Complaint are denied.

48. The allegations contained in Paragraph 48 of Plaintiff's Complaint are denied.

49. The allegations contained in Paragraph 49 of Plaintiff's Complaint are denied.

50. The allegations contained in Paragraph 50 of Plaintiff's Complaint are denied.

## COMPLIANCE WITH LIMITATIONS

51. The allegations contained in Paragraph 51 of Plaintiff's Complaint are denied.

52. The allegations contained in Paragraph 52 of Plaintiff's Complaint are denied.

53. The allegations contained in Paragraph 53 of Plaintiff's Complaint are denied.

54. The allegations contained in Paragraph 54 of Plaintiff's Complaint are denied.

55. The allegations contained in Paragraph 55 of Plaintiff's Complaint, including sub-paragraphs (a) – (c), are denied.

### RULE 9(j) COMPLIANCE AND MOTION
### FOR EXPERT QUALIFICATION
### (RE: RULE 9(j)(2))

56. Paragraph 56 of Plaintiff's Complaint states arguments and conclusions of law to which no response is required. To the extent a response may be required, SSC Concord denies same.

57. Paragraph 57 of Plaintiff's Complaint states arguments and conclusions of law to which no response is required. To the extent a response may be required, SSC Concord denies same.

58. Paragraph 58 of Plaintiff's Complaint states arguments and conclusions of law to which no response is required. To the extent a response may be required, SSC Concord denies same for lack of information and knowledge sufficient to form a belief as to the truth thereof and further denies to the extent that Paragraph 58 alleges liability on the part of SSC Concord.

59. Paragraph 59 of Plaintiff's Complaint states arguments and conclusions of law to which no response is required. To the extent a response may be required, SSC Concord denies same.

### MEDICAL EXPENSES ("BILLED VERSUS PAID")

60. Paragraph 60 of Plaintiff's Complaint states arguments and conclusions of law to which no response is required. To the extent a response may be deemed required, SSC Concord denies same.

61. Paragraph 61 of Plaintiff's Complaint states arguments and conclusions of law to which no response is required. To the extent a response may be deemed required, SSC Concord

denies same for lack of information and knowledge sufficient to form a belief as to the truth thereof and specifically denies to the extent Paragraph 61 alleges liability on the part of SSC Concord.

**OBJECTIONS TO "CAPS" ON NONECONIMIC DAMAGES (SB33)**

62. Paragraph 62 of Plaintiff's Complaint states arguments and conclusions of law to which no response is required. To the extent a response may be deemed required, SSC Concord denies same.

63. Paragraph 63 of Plaintiff's Complaint states arguments and conclusions of law to which no response is required. To the extent a response may be deemed required, SSC Concord denies same for lack of information or knowledge sufficient to form a belief as to the truth thereof and specifically denies to the extent Paragraph 63 alleges liability on the part of SSC Concord.

**PRAYER FOR RELIEF**

To the extent that Plaintiff's Prayer for Relief could be construed as asserting claims or allegations against SSC Concord, the same are generally denied.

**FOURTH DEFENSE**

SSC Concord hereby alleges and states that at all time relevant to Plaintiff's Complaint the care and treatment provided to Plaintiff's decedent Ms. Chapman was in accordance with the standards of practice applicable to members of the same healthcare profession with similar training and experience, situated in the same or similar communities.

**FIFTH DEFENSE**

SSC Concord further alleges that its conduct was at all times in conformance with the applicable standard of care and that no act or alleged omission of SSC Concord was a proximate

8

cause of any harm or injury to Plaintiff's decedent Ms. Chapman and asserts such as a complete bar to recovery by the Plaintiff.

### SIXTH DEFENSE

If the Court should find that the Plaintiff has failed to properly comply with Rule 9(j) of the North Carolina Rules of Civil Procedure, SSC Concord would assert that the Plaintiff's claims against it are invalid and should be dismissed with prejudice.

### SEVENTH DEFENSE

SSC Concord reserves the right to seek an Order from the Court bifurcating the issues of Defendant's alleged liability for compensatory damages and Defendant's alleged liability for punitive damages as allowed by Rule 42 of the North Carolina Rules of Civil Procedure and North Carolina General Statute Section 1D-30.

### EIGHTH DEFENSE

Any award of punitive damages in this matter would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and similar provisions of the Constitution, law and public policy of the State of North Carolina.

### NINTH DEFENSE

Plaintiff's claim for punitive damages fails because no officer, director or manager of SSC Concord participated in or condoned conduct constituting any aggravating factor that would support an award of punitive damages.

### TENTH DEFENSE

SSC Concord asserts that Plaintiff has failed to state a claim upon which relief can be granted, in whole or in part, and as such SSC Concord would assert that the Plaintiff's claims

against it should be dismissed with prejudice, in whole or in part, pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure.

## ELEVENTH DEFENSE

In the alternative, and as an additional defense, if it should be determined that SSC Concord was negligent and that such negligence was a proximate cause of any injury or damage sustained by the Plaintiff, which is again specifically denied, then it is alleged that during the relevant time period complained of the Plaintiff's decedent failed to comply with the orders and recommendations of her physicians and was otherwise negligent as may be shown through discovery in this matter. The aforementioned negligent acts and omissions were a direct and proximate cause of any injury or damage sustained by Plaintiff and Plaintiff's decedent and are specifically pled as contributory negligence in bar to any recovery by the Plaintiff against SSC Concord.

## TWELFTH DEFENSE

The injuries complained of and sued upon in this action were caused, if at all, by the negligence of third parties over whom SSC Concord had no control, and SSC Concord cannot be liable for such injuries.

## THIRTEENTH DEFENSE

To the extent that Plaintiff lacks standing or capacity to bring this lawsuit, SSC Concord reserves the right to defend on that basis.

## FOURTEENTH DEFENSE

SSC Concord denies that it acted in breach of any duty, in violation of any laws or engaged in any other alleged wrongful, reckless or wanton conduct that is improper under North Carolina law and deny that any of their conduct proximately caused injury as alleged by Plaintiff.

## FIFTEENTH DEFENSE

If it is determined that SSC Concord was negligent in any respect or are in any way liable to Plaintiff, all of which has been and is expressly hereby denied, then SSC Concord states that Ms. Chapman's injuries and/or Plaintiff's damages were caused by the intervening and/or superseding negligence of others who are not agents of SSC Concord and that such intervening and superseding negligence constitutes a new, deficient, and superseding cause of Plaintiff's damages. The same is pleaded as a bar to Plaintiff's rights to recover anything from SSC Concord in this action.

## SIXTEENTH DEFENSE

SSC Concord pleads Plaintiff's failure to mitigate damages as a defense to all applicable claims and damages asserted herein.

## SEVENTEENTH DEFENSE

SSC Concord has not had an opportunity to conduct a sufficient investigation or to engage in adequate discovery regarding the circumstances of Plaintiff's allegations. SSC Concord thus expressly reserves the right to move to amend its Answer to add additional affirmative defenses as discovery progresses and additional information regarding this action becomes available.

## EIGHTEENTH DEFENSE

No act or omission of SSC Concord was malicious, willful, wanton, fraudulent, despicable, oppressive or with actual malice, nor did SSC Concord act knowingly and/or with reckless or conscious disregard for the rights and safety of Ms. Chapman or the Plaintiff, or with intentional and reckless indifference to the safety and well-being of the Plaintiff, and Plaintiff's Complaint fails to state a claim upon which relief can be granted for punitive or exemplary

damages and should be dismissed pursuant to N.C. GEN. STAT. § lA-1, Rule 12(b)(6). Plaintiff's Complaint seeks damages in excess of those permitted by law. SSC Concord asserts any statutory or judicial protection from punitive or exemplary damages that is available under applicable law and contends that any award of punitive damages or exemplary damages is barred.

## NINTEENTH DEFENSE

SSC Concord pleads that federal and state administrative regulations do not establish a standard of care and cannot be used to support the claims or Plaintiff's burden in this case.

## TWENTIETH DEFENSE

SSC Concord pleads that the Complaint fails to state a claim upon which punitive damages may be awarded to Plaintiff.

## TWENTY-FIRST DEFENSE

SSC Concord pleads that the diseases from which Ms. Chapman suffered were not the result of neglect or negligence by SSC Concord or its employees and that they occurred, if at all, as part of the pre-existing natural disease process.

## TWENTY-SECOND DEFENSE

SSC Concord incorporates by reference any affirmative defense pled now or later by any other Defendant which would be applicable to the claims against it. SSC Concord further reserves the right to amend its answer and add additional affirmative defenses until discovery is completed in this case.

## TWENTY-THIRD DEFENSE

12

SSC Concord hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery in this case and hereby reserve the right to Amend this answer to assert any such defense including those contained in Rule 12(h).

WHEREFORE, PREMISES CONSIDERED, having fully responded to the allegations contained in Plaintiff's Complaint, SSC Concord prays unto the Court as follows:

    A.      That Plaintiff's Complaint be dismissed with prejudice;

    B.      That all issues of fact be tried by a jury;

    C.      That the costs of this action be taxed to the Plaintiff; and

    D.      For such other and further relief as this Court deems just and proper.

Respectfully submitted this, the 10th day of May, 2016.

    SSC CONCORD OPERATING COMPANY
    LLC D/B/A BRIAN CENTER HEALTH
    AND RETIREMENT/CABARRUS

    HAGWOOD ADELMAN TIPTON PC

    BY:   */s/ Michael E. Phillips*
         Michael E. Phillips (NCBN 45198)
         Carl Hagwood (NCBN 43919)

COUNSEL FOR DEFENDANT:

Hagwood Adelman Tipton PC
2015 Ayrsley Town Blvd., Suite 202
Charlotte, NC   28273
Telephone:   (704) 676-6066
Facsimile:   (704) 676-6068
Email: mphillips@hatlawfirm.com
      chagwood@hatlawfirm.com

# CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served the foregoing document on all of the parties to this cause by:

\_\_\_\_\_ Hand delivering a copy hereof to each party's attorney as listed below

\_\_\_\_\_ Depositing a copy hereof, postage paid, in the United States Mail, addressed to each party's attorney as listed below

\_\_\_\_\_ Depositing a copy hereof with a nationally recognized overnight courier service, for overnight delivery, addressed to each party's attorney as listed below

\_\_\_\_\_ Telecopying a copy hereof to each party's attorney as listed below

__X__ Electronically filing a copy of hereof with the Court's electronic case filing system which will send electronic mail notification of the filing of the foregoing document to each party's attorney as listed below

\_\_\_\_ Sending via electronic mail to each party's attorney as listed below

>David Pishko (david@davidpishko.com)
>Anna Kalarites (anna@davidpishko.com)
>Law Office of David Pishko, P.A.
>100 North Cherry Street, Suite 510
>Winston-Salem, NC   37101
>
>Thomas W. Pleasant (twp@pleasantlaw.com)
>Pleasant Law, PLLC
>P.O. Box 565
>Wrightsville Beach, NC   28480

This, the 10th day of May, 2016.

>*/s/ Michael E. Phillips*
>Michael E. Phillips

14